IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST )<br>FROM THE CZECH REPUBLIC )<br>IN THE MATTER OF )<br>MASEK ) | Misc. No. 08- |

GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Czech Republic. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Czech authorities who are investigating a case of alleged tax fraud.

EVIDENCE SOUGHT:

The Czech authorities seek information from the Delaware Secretary of State's Office and a company which resides in this District. Thus, the information the Czech authorities seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other

thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Czech

Republic and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

BY: _____
      David L. Hall
      Assistant U.S. Attorney
      1007 N. Orange Street
      Wilmington, DE   19801
      (302) 573-6277

Dated: 7AUG08

# City Prosecutor's Office in Prague
Nám. 14 října 2188/9, 150 00 Prague 5, Tel. 420257111611,
Fax: 420257111723,
sekretariat@msz.pha.justice.cz

---

File No.: 1KZV 194/2005 – 152                                   Prague, April 7, 2008

### To the authorized body of justice in USA

**Case: The accused Robert Mašek, born on** ▇▇▇▇▇▇▇ **– Legal aid application in a criminal case by means of an interrogation of a witness**

Annexes:
1. Certificate concerning the establishment of a company, Certificate of organization – number of sheets – 4
2. Running contract of the company I.E.C.- number of sheets 15

With reference to Article 1 Par. 2 of the Contract between the Czech Republic and the United States of America concerning the mutual legal aid in criminal cases, dated February 4, 1998, the City Prosecutor's Office in Prague, pleads you to provide the legal aid in the following criminal case:

The City Prosecutor's Office in Prague performs a supervision in the criminal proceeding in the case of the accused Roman Mašek, born on ▇▇▇▇▇▇▇ who was to commit a crime of a tax shortage, of a charge shortage and of an obligatory charge shortage under Section 148 Par. 1 and 4 of the Criminal Law. He committed the crime in such a way that in the duty period of the year 2003, he did not register in accounting books of the company C.E.C., joint-stock company, with its residence in ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ Identification No. ▇▇▇▇▇▇▇ revenues in the amount of CZK19,136,000.00, and he did not, afterwards, include said incomes in the corporation tax return, and, in this way, he decreased, illegally, the tax base, and, due to this fact, he decreased the tax for the tax period of the year 2003 by the amount of CZK 5,932,160.00 at least. The accused is, according to the abstract from the Czech business register, the directorate chairman of the company C.E.C. The investigation in the

(- 2 -)

Czech Republic is realized by the Division for removing corruption and financial criminality and Investigation, tax department, of the Criminal Police, under the criminal file No. OKFK-36/14-B-2007. The version of the provision of Section 148 of the criminal law and of the relating Section 89 Par. 11 of the criminal law No. 140/1961 Coll., is as follows:

Section 148

Reduction of taxes, of charges and of analogous obligatory payments

(1) Who will shorten, in a larger extent, a tax, a duty, a premium for social security, an accident security or an health insurance, a charge or another analogous obligatory payment, will be punished by imprisonment for six months up to three years, or by a money penalty.

(2) In the same way, there will be punished a person who receives illegally, an advantage relating to some of obligatory payments, mentioned in Article 1.

(3) The offender will be punished by imprisonment for one year up to eight years,
   a) if he commits the crime mentioned in Articles 1 and 2 together with two persons at least
   c) if he breaks, for enabling such a crime, an official final account, or
   c) if he causes, by such a crime, a considerable damage.

(4) The offender will be punished by imprisonment for five years up to twelve years, if a damage of a large extent has been caused by the crime mentioned in Article 1 or 2.

Section 89

(11) A damage, being not negligible, it is a damage reaching at least the amount of CZK 5,000.00, a damage being not small, it is a damage reaching the amount of CZK 25,000.00 at least, a higher damage, it

(- 3 -)

*is a damage reaching the amount of CZK 50,000.00 at least, a considerable damage, it is the damage reaching the amount of CZK 500,000.00 at least, and a damage of a large extent, it is the damage reaching the amount of CZK 5,000,000.00 at least,*

*Said amounts will be used analogously for determining the amount of the advantage, expenses for removing results of environment damages, the value of things and the height of other property values.*

The person Roman Mašek, at the same time as an authorized representative of the company International Empire Of Capital LLC., having its residence at the address ███████████ United States of America (hereinafter I.E.C.), opened in the year 2000, in the territory of the Czech Republic, in the bank named eBanka, joint-stock company, a bank account No. ███████. Onto this account, during the period since the year 2000 till 2004, there were coming, from various tax subjects, amounts in the height of several tens of million crowns, and said amounts have been not taxed in the territory of the Czech Republic, but they were withdrawn by Mr. Roman Mašek or sent to other bank accounts. The mentioned bank account was used as a cloak for an illegal taking away financial means from various firms operating in the territory of the Czech Republic (FIRST MADR, s.r.o., NOXUS, s.r.o., TENANCY, a.s., SARTEX, s,r,o,) and as a barrier against their taxation in the territory of the Czech Republic, or in USA. During the investigation, it was found out that the company C.E.C. a.s. owns fully (100 %) the company International Empire Of Capital LLC., with its residence at the address ███████████ United States of America. From the expression of Interpol of USA, it was found out that the company I.E.C. was registered in the district Columbia, and that it was promoted on March 21, 2003, but the registration was cancelled and finished. From the annexed documents, it is evident that the person Janet M. Caruccio was authorized to settle all formal particularities needed for promoting the company International Empire Of Capital LLC.

The mentioned facts were found out on the basis of the own investigation of the above mentioned police body. Within the framework of the criminal proceeding, for a correct clarification of the case and for its correct qualification, it is necessary to perform an investigation in the United States of America.

(- 4 -)

That is why we demand the legal aid through the respective offices of the United States of America. We ask you for finding out, whether Mrs. Janet M. Caruccio, 1220 N. Market St., Suite 606, Wilmington, DE 19801, is the existing person. We also ask you for the interrogation of the witness Mrs. **Janet M. Caruccio**. We beg you that the witness may be instructed, before the beginning of the interrogation, in compliance with the Czech Criminal Proceeding Code, if it is not in contradiction with the legal proceeding code of the United States of America. The fact that the witness was instructed in this way, is to be included in the minutes concerning the interrogation of the witness.

The witness instruction is as follows:

**_I instruct you as the witness:_**

*Under Section 101 Par. 1 of the criminal proceeding order, I draw your attention to the importance of a witness testimony with respect to the general interest. The witness testimony serves in the criminal proceeding order as an evidence. Under Section 174 of the Criminal Code, it is punishable, if you accuse falsely another person that he (she) committed a crime, with the intention to cause him (her) a prosecution due to a criminal offence. Under Section 175, it is also punishable, if you, as the witness, say intentionally, before a court or before a police body, an untruth concerning a circumstance which has a serious importance for a decision, or if you withhold such a circumstance.*

*Under Section 99 of the criminal proceeding order, you must not be interrogated as to circumstances related to secret facts being protected by a special law which you are obliged to keep secret, unless you were relieved of such an obligation by the respective authority. You must not be interrogated also in the case that you would brake your tacitness obligation ordered by the state, unless you were relieved of such an obligation by the respective authority, or by the subject, to the interest of which said obligation you have.*

*Under Section 100 Par. 1 of the criminal proceeding order, you have the right to refuse the testimony as the witness, if you are related to*

(- 5 -)

the accused in the direct generation, if you are his sibling, adoptive parent, adopter, husband, wife or partner. If there exist more accused persons and you are in the mentioned relation only to some of them, you have the right to refuse your testimony as to other accused persons only in case that it is impossible to separate the testimony which relates to them from the testimony which relates to the accused person, to whom you are in said kinship.

Under Section 100 Par. 2 of the criminal proceeding order, you have the right to refuse the testimony, if your testimony may cause a danger of a criminal prosecution to you, to your sibling in the direct generation, to your adoptive parent, adopter, husband, wife or partner., or to other persons being in a family relation to you or in an analogous one, the detriment of whom you may feel as your own detriment.

Under Section 100 Par. 3 of the criminal proceeding order, you cannot refuse your testimony if you have the indicative duty as to the crime, to which the indicative duty relates under the law.

Under Section 211 Par. 4 of the criminal proceeding order, if you refuse your testimony before the court, your testimony, made during the preparatory proceeding, will be read before the court, if you declared before the interrogation in the preparatory proceeding that you do not utilize your right under Section 100 of the criminal proceeding order.

Under Section 103 of the criminal proceeding order, in connection with the provision of Section 93 Par. 1 of the criminal proceeding order and of Section 95 Par. 2 of the criminal proceeding order, you have the right to look, before your answer, into written notes, which you must present to the interrogating person for insight, if he demands it. After the end of the interrogation, the minutes will be presented to you for reading, or, if you demand it, they will be read to you. You have the right to demand a replenishment, corrections or repairs of the minutes in compliance with your testimony.

Under Section 2 Par. 14 of the criminal proceeding order, you have the right to use your maternal language.

(- 6 -)

As a witness, you have the right, under Section 104 Par. 1 of the criminal proceeding order, to receive a compensation of needed expenses and of the lost salary. Said right gets lost, if you do not exert it within three days after your interrogation.

Under Section 55 Par. 2 of the criminal proceeding order, you have the right to demand that both your appearance to be concealed and to sign the minutes with an fictive name and surname, under which you will be mentioned in the interrogation minutes, in case that, in connection with your testimony, you or a person being near to you, are endangered by a health detriment or by another serious danger of breach of your basic rights.

Let the witness is interrogated afterwards to the following questions:

1. Whether Mrs. Janet M. Caruccio is the organizer of the company International Empire Of Capital LLC., with its seat at the address 400 7th St, BW Suite 101, Washington, D.C. 20004, United States of America (see Annex No. 1).

2. Whether Mrs. Janet M. Caruccio established the company, or initiated the establishment of the company International Empire Of Capital LLC. on the date of March 17, 2000, whether the signature on the document is her own signature (see Annex No. 1).

3. whether she nominated Mr. James Grant as the starting manager of the company I.E.C.

4. Whether she composed the operational contract of the company International Empire Of Capital LLC.

5. What was her function in the company and who was in fact the head of the company I.E.C. and who was responsible for accounting books and for tax payments in the territory of USA or in another state.

6. Whether she knows that the company I.E.C. is now cancelled and who cancelled it.

(- 7 -)

7.  Whether the company International Empire Of Capital LLC., with its seat at the address 400 7th St, BW Suite 101, Washington, D.C. 20004, has a workshop in the territory of the Czech Republic.

8:  Whether the company International Empire Of Capital LLC., with its seat at the address 400 7th St, BW Suite 101, Washington, D.C. 20004, United States of America, had a bookkeeping and taxed its receipts, got in the territory of the Czech Republic, in the United States of America or in another state.

9.  Whether to company I.E.C. had a bank account in the territory of USA.

10. Whether the enclosed documents are copies of originals kept in USA.

11. In point 2 of the organizer contract, it is mentioned that the duration of this company will last till March 17, 2030; why was the company cancelled to the date of August 13, 2007 at the latest?

It is necessary to inform of the above mentioned interrogation the attorney of the accused person in a sufficient advance, and this attorney has the right to take part at the interrogation of the witness. The attorney has the right to take part personally at the interrogation of the witness, and in case that the realization of said right is not enabled, then the minutes concerning the interrogation performed in such a way, cannot be used before the court as an evidence. If the attorney is not present at the interrogation in spite of the fact that he was duly informed about the place and date, the interrogation may be realized also without the presence of the attorney, and such an interrogation is usable also in the proceeding before the court. The absence of the attorney, under the condition that he was informed duly and in time, represents no obstacle for performing the legal act.

That is why I demand, that the below mentioned <u>police authority</u> may be informed of the term and place of the interrogation and it must then inform of it the attorney of the accused in a veritable way. At the same time I demand, if it is not in contradiction to the criminal proceeding order of the United States of America, that the presence of the attorney of the accused may be enabled, if he is interested to take part in this legal

(- 8 -)

act through the police of the Czech Republic. Tat is why I demand to get the information of the planned legal act in a sufficient advance, so that the above mentioned police workers and then the attorney may be informed in time of the place and time of the legal act. To accelerate the information, send it, please, by fax or e-mail. The address of the accused's attorney is as follows:

Advocate office:
**Mgr. Tomáš Ferenc**
Dlouhá 141
261 01  Příbram II
Czech Republic

Contact to the police authority:

    Police of the Czech Republic
    Department for disclosing corruption and financial criminality
    Services of the Criminal Police and Interrogation
    **Pplk. Mgr. Ing. Igor Čechmánek**
    Tax division
    Strojnická 27
    170 89  Prague 7
    Tel.: +420974824171, Fax: +420974824409
    E-mail: odhal@mver.cz

Please, send all materials to the address of the City Prosecutor's Office in Prague, mentioned in the head of this request. At the same time, I allow to ask, for you to handle quickly this request.

I thank you in advance for realizing the legal aid relating to this criminal case.

Yours faithfully

                                                *Signature - illegible*
                                                JUDr. Ivana Horská
                                                the first deputy
                                         of the City Procurator in Prague

                                                (Round official seal:)
                                                CITY PROCURATOR'S OFFICE



Ref. No. 4706/ 08

I, undersigned, certify by these presents, with reference to my status as the permanent sworn interpreter of the English language, appointed by the decree of the Ministry of Justice of the Czech Republic, dated November 5, 1985, Ref. No. ZT 1941/85, that the above is the true and exact translation of the Czech text of the annexed document.

Prague, April 17, 2008



JUDr. Jaromír V o l n ý
Sworn interpreter

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST )<br>FROM THE CZECH REPUBLIC )<br>IN THE MATTER OF )<br>MASEK ) | Misc No. 08- |
| ORDER | |

     Upon application of the United States of America; and upon examination of a letter of request from the Czech Republic whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Czech Republic and the Court being fully informed in the premises, it is hereby

     **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Czech authorities as follows:

     1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

     2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Czech Republic, which procedures may be specified in the request or provided by the Czech authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Czech authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2008.

_____
United States District Court Judge